## HINES *v.* HINES. (2)

---

APPEAL AND ERROR; DISMISSAL OF APPEAL.

Where, on an appeal from a decree passed on the pleadings and the evidence, the statement of the evidence has been stricken from the transcript of the record by this court on motion of the appellee, as not having been presented to the court below within the time prescribed by the rules of that court, the decree will be affirmed, as there is nothing left in the record but the pleadings and the decree appealed from.

No. 2748.    Submitted January 29, 1915.    Decided March 1, 1915.

MOTION by appellees to affirm a decree appealed from.
*Granted.*

The COURT in the opinion stated the facts as follows:

This bill was filed June 8, 1913, by Albert B. Hines against Charles A. Hines, Cora T. Heider, LeRoy Gaddis, Jr., George H. Calvert, Jr., and Allan E. Walker, trustees, to recover the one-third interest in certain lands as heir at law of Abraham F. Hines.

Plaintiff and Charles A. Hines and Cora T. Heider are the children of Abraham F. Hines and Sarah A. Hines, his wife.

The bill alleges that the lands, though conveyed to Sarah A. Hines, were paid for by Abraham F. Hines, and that they were subsequently conveyed by Sarah A. Hines to the children, defendants, who have since made conveyance of part to LeRoy Gaddis, who conveyed the interest to the aforesaid trustees to secure a part of the purchase money.

The bill further alleges that the other deeds were made by said Sarah A. Hines to defendants without the consideration recited therein, and were procured by fraud and undue influence practised upon her.

Defendants Charles A. Hines and Cora T. Heider answered the bill, alleging that the said lands were the separate property of the said Sarah A. Hines; that she was paid a valuable consideration for the same; that she was of sound mind when she executed the deeds; and that she did so without coercion, fraud, or undue influence.

The earliest deed was dated October 14, 1887.

Abraham F. Hines died November 23, 1894, and Sarah A. Hines in December, 1912.

The case was heard on the pleadings and evidence taken, and the bill was dismissed May 13, 1914.

Albert B. Hines died after decree entered, and the appellants made themselves parties to the record as his heirs at law for the purpose of appeal.

A statement of the evidence on the trial was prepared and approved by the court, but on motion of appellees it has been stricken from the record because not submitted and approved in time, as required by the rules. A motion for rehearing was filed by the appellants, and a motion for certiorari to bring up portions of the record. These motions have been denied.

*Mr. W. G. Gardiner* and *Mr. L. L. Hamby* for the appellants.

*Mr. Geo. H. Calvert, Jr., Mr. J. B. Archer,* and *Mr. J. L. Smith* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Appellees now move the court to affirm the decree because, the statement of evidence having been stricken from the record, there is nothing left but the pleadings and the decree of the court. The motion is well taken.

There is no question raised on the pleadings. The hearing was on bill, answer, and evidence. The evidence having been stricken from the record, the decree must stand. Its correctness is to be presumed.

The decree is affirmed, with costs.                *Affirmed.*